UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERICA BAKER, <br><br> Plaintiff, <br><br> v. <br><br> STELLAR RECOVERY, INC., <br> BANK OF AMERICA, N.A., <br> JPMORGAN CHASE BANK, N.A., <br> CAPITAL ONE BANK USA, N.A., <br> PNC BANK, N.A., <br><br> Defendants. | Case No. 2:15-13983 <br> Honorable Laurie J. Michelson <br> Magistrate Judge David R. Grand |

## OPINION AND ORDER DECLINING
## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

Erica Baker claims that Stellar Recovery, Inc., Bank of America, N.A., JPMorgan Chase Bank, N.A., Capital One Bank USA, N.A., and PNC Bank, N.A. each sent false information to credit reporting agencies and failed to double-check what they had sent even after she challenged its accuracy. (Dkt. 1, Compl. ¶¶ 15, 27, 29, 35, 37, 43, 45, 51, 53, 59.) As such, Baker has sued each of the five defendants for violating the Fair Credit Reporting Act. But in addition to those five counts, Baker has counts against Stellar Recovery under the Fair Debt Collection Practices Act and the Michigan Occupational Code. And she has five counts against each of the five defendants under state law: intentional infliction of emotional distress, negligence, negligence per se, defamation, and statutory libel. Baker asserts that the Court may exercise supplemental jurisdiction over her state-law claims under 28 U.S.C. § 1367 because the same factual bases underlie all her claims.

But may does not mean must. *See Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) ("[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." (internal quotation marks omitted)); *see also* 28 U.S.C. § 1367(c) (providing that district courts "may decline to exercise supplemental jurisdiction over a claim" if, "in exceptional circumstances," there are "compelling reasons for declining jurisdiction"). A jury cannot be expected to successfully wrestle with jury instructions corresponding to 32 counts where the legal standards differ greatly. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 716 (1973) (providing that likelihood of jury confusion was appropriate factor to consider in deciding whether to exercise supplemental jurisdiction); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994) ("The potential for jury confusion can be a sufficiently compelling reason for declining jurisdiction."). For example, the elements of a federal Fair Credit Reporting Act claim are not at all like those of a state intentional infliction of emotional distress claim. *Compare* 15 U.S.C. § 1681s-2(b) (listing duties for furnishers of information), *with Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 374 N.W.2d 905, 908 (1985) (listing elements of IIED claim). And it is unclear from the Complaint whether each Defendant sent the same information (or even different information but about the same debt).

Accordingly, the Court declines to exercise jurisdiction over all counts asserting intentional infliction of emotional distress, negligence, negligence per se, defamation, and statutory libel. The Court has original jurisdiction over the five Fair Credit Reporting Act claims and the one Fair Debt Collection Practices Act claim. Upon a very preliminary review, it appears that the Michigan Occupational Code claim is based on similar law to the Fair Debt Collection Practices Act claim. So the Court will retain that state-law count for the time being. Plaintiff is to

file an amended complaint consistent with this opinion by November 23, 2015. (The Court notes that the count numbering in the original complaint was incorrect.)

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 18, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson